AO 91 (Rev 5/85) Criminal Complaint             AUSA-Leonid Feller (313) 226-9524

# United States District Court

__EASTERN__ DISTRICT OF __MICHIGAN__

UNITED STATES OF AMERICA

V.

Rahib Ismael-Yasir AL-CHOLAN

FILED
NOV 0 8 2007
CLERK'S OFFICE
DETROIT

**CRIMINAL COMPLAINT**

CASE NUMBER: **07-30516**

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 7, 2007__ in __Lucas__ county, in the __Northern__ District of __Ohio__ defendant, (Track Statutory Language of Offense)

Traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with another person

in violation of Title __18__ United States Code, Section __2423(b)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

__11/8/07__                                at     __Detroit, Michigan__

Date                                                City and State

__Honorable Virginia M. Morgan__
__United States Magistrate Judge__

## Affidavit

I, Michael Rose, Special Agent, being duly sworn, depose and state the following:

1. I am a Special Agent with the U.S. Department of Homeland Security, I.C.E. (DHS-ICE) Office of Investigations, having been so designated since May of 2005. As part of my daily duties as a DHS-ICE Special Agent, I investigate criminal violations relating to child exploitation. The following information is based upon my own investigation and previous experiences as well as investigations conducted by fellow law enforcement officers and their previous experiences.

2. The facts set forth below are based upon information I have obtained by personally reviewing documents, personal interviews with reliable and well-placed cooperating sources and conversations with other government agencies and agents. I have not set out all of the information I have learned during this investigation, but only the information necessary to show probable cause that Rahib AL-CHOLAN did travel in interstate commerce for the purpose of engaging in illicit sexual conduct with another person in violation of 18 U.S.C. §§ 2423(b).

3. On November 5, 2007, your affiant met with a reliable cooperating source (CS1) who said that a man known as Raad (later identified as Rahib AL-CHOLAN) was attempting to purchase minor children for sex. CS1 said that Raad was looking for a Lebanese or American child and was willing to pay between $100 and $200 for the child. CS1 provided a cellular phone number for Raad.

4. On November 7, 2007, another well-placed and reliable confidential source (CS2) placed a consensually monitored phone call to the number provided by CS1. CS2 told AL-CHOLAN that arrangements had been made with a man from Ohio who was willing to provide his twelve-year-old niece for sex. AL-CHOLAN said that he was interested, but uncomfortable with driving the girl back to Detroit because he was

afraid of being stopped by the police with a young girl in his vehicle. CS2 arranged to meet AL-CHOLAN in person.

5. On November 7, 2007, at approximately 1700 hours, CS2 met with AL-CHOLAN at his place of employment on St. Mary's Street in Detroit, MI. CS2 explained that the girl would be waiting in a hotel room in Toledo. CS2 said that AL-CHOLAN would not be bringing the girl to Detroit. AL-CHOLAN told CS2 that he was not familiar with the Toledo area and that he did not have a reliable car to drive. AL-CHOLAN asked CS2 to drive him to the hotel in Toledo. AL-CHOLAN arranged for CS2 to pick him up between 2030 and 2100 hours.

6. At approximately 2100 hours, CS2 picked up AL-CHOLAN at his place of employment on St. Mary's Street. At approximately 2145, CS2 stopped his vehicle at a Pilot gas station on Nadeau Road in Frenchtown Township. AL-CHOLAN asked CS2 to purchase condoms, Vaseline and Kleenex for him. During the trip, AL-CHOLAN told CS2 that he knew that having sex with a twelve-year-old girl was illegal and that he was nervous. AL-CHOLAN also talked about previous instances where he had had sex with young children, both in the United States and in Iraq.

7. At approximately 2220 hours, CS2 and AL-CHOLAN arrived at the Comfort Inn in Toledo. AL-CHOLAN exited CS2's vehicle and approached a van occupied by an undercover agent (U/C) posing as the twelve-year-old girl's uncle. AL-CHOLAN paid the U/C $50. The U/C told AL-CHOLAN that the agreed upon price was $100. AL-CHOLAN called CS2 and said that he needed $50, which CS2 provided. AL-CHOLAN again approached the U/C, provided the additional money and took a key to room 120.

8. AL-CHOLAN was unable to operate the keycard reader at the rear door to the hotel. He instead went into the lobby where the desk attendant told him that he had to wait. Agents entered the lobby and took AL-CHOLAN into custody. AL-CHOLAN left

the condoms, Vaseline and Kleenex in CS2's vehicle.

9. Based on the information provided in this affidavit, there is probable cause to believe that Rahib AL-CHOLAN did travel in interstate commerce for the purpose of engaging in illicit sexual conduct with another person in violation of Title 18 United States Code section 2423(b).

Michael Rose
Special Agent
U.S. Department of Homeland Security
I.C.E. – Office of Investigations

Subscribed and sworn to before me
This 8th day of November 2007

Honorable Virginia M. Morgan
United States Magistrate Judge